IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RAYMOND N. BROWNING, JR.                                           PLAINTIFF

vs.                           CASE NO. **4:05CV01351GH**

JO ANNE B. BARNHART,                                               DEFENDANT
Commissioner, Social Security Administration

### **ORDER**

Plaintiff, Raymond N. Browning, Jr., has appealed the final decision of the Commission of the Social Security Administration to deny his claim for Disability Insurance.  Both parties have submitted briefs, and the case is ready for disposition.

The Court's function on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.

> Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently.

*Roberts v. Apfel,*  222 F.3d 466, 468 (8th Cir. 2000) (citations omitted).

Plaintiff filed an application for Social Security Disability Insurance (SSD) benefits and Supplemental Security Income (SSI) benefits on July 1, 2003 with a protective filing date of June 18, 2003, alleging disability beginning June 12, 2002, due to arthritis of his back. [1]  His claims were denied initially and upon reconsideration.  Pursuant to plaintiff's

---

[1] The record reflects that plaintiff has filed numerous applications for disability benefits. He first filed an application for SSI benefits in 1988, alleging that he was disabled by a lower back problem.  The claim was denied on September 21, 1988 and not appealed (Tr. 30).

request, a hearing was conducted by the Administrative Law Judge (ALJ) on November 23, 2004. Plaintiff appeared with his counsel. Also present and testifying was Richard Marron, a vocational expert (VE).

The ALJ undertook the familiar five-step analysis in determining whether plaintiff was disabled.[2] The ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. He further found that plaintiff has severe impairments of severe recurrent urinary infection, renal calculi and reported history of arthritis but that the impairments did not meet the Listings for presumptive disability. He concluded that plaintiff retains the residual functional capacity (RFC) for a wide range of medium work activity with no more than occasional stopping or crouching. In so doing, he considered plaintiff's subjective complaints of disabling pain according to the guidelines of *Polaski v.*

---

Plaintiff next filed applications for disability and SSI benefits in 1997, but did not pursue the claims beyond the initial denial determination (Tr. 30).

Plaintiff then filed applications for SSI and SSD benefits with a protective filing date of January 26, 2001, alleging that he was disabled by reasons of lower back problems and pains arising from an earlier motor vehicle accident. The claims were denied by initial and reconsideration determinations. a hearing was held before an ALJ on June 12, 2002. Plaintiff appeared with counsel. Additionally, a VE also testified as an expert witness (Tr. 30-34).

The ALJ in 2002 found that plaintiff retained the RFC to do sedentary work. The VE found that plaintiff's past work as a small engine repairman was medium or heavy and therefore he could not return to his past work. The VE testified that there were sedentary jobs in the national economy that plaintiff could do. Thus, the ALJ found that plaintiff was not disabled (Tr. 30-34).

[2]The five-step sequential evaluation is as follows: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether he or she has a severe and medically determinable physical or mental impairment; (3) whether the claimant may be deemed disabled because the impairment meets or equals a listed impairment in Appendix 1 to Subpart P, Title 20, Code of Federal Regulations; (4) whether the claimant is able to return to past relevant work, despite the impairment; and if not (5) whether the claimant can perform any other kind of work. 20 C. F. R. §§ 416.920 and 404.1520. *See Cox v. Barnhart*, 345 F. 3d 606, 608 n. 1 (8th Cir. 2003).

*Heckler*, 739 F. 2d 1320 (8th Cir. 1984).[3]  Based on the testimony of the VE, the ALJ found that plaintiff retained the RFC to perform his past relevant work as a small engine repairman or retail salesman.

Plaintiff requested review of the ALJ's decision on July 25, 2005 (Tr. 8-10). The Appeals Council denied his request for review on September 10, 2005 (Tr. 4-6). Plaintiff then filed this action.

Plaintiff argues that the ALJ's finding that plaintiff is able to perform his past, relevant work is not supported by substantial evidence. He also asserts that the ALJ erred in discounting plaintiff's subjective complaints of pain.

At the hearing, plaintiff testified that he had worked about 30 years in small engine repair. The work required routinely lifting motors 25 to 100 pounds (Tr. 253). He stated that he stopped repairing lawn mowers on January 12, 2001 (Tr. 254). Plaintiff reported problems with his back and kidney stones (Tr. 254).

Plaintiff testified that he is unable to lift more than ten pounds on any regular basis (Tr. 261). He complained of back pain. The ALJ discounted plaintiff's complaints of back pain, noting that there "is no record of X-rays showing degenerative disease. . . " (Tr. 16). However, an x-ray taken on August 15, 2002, reveals that plaintiff has "[d]egenerative disc disease at L2-L3 with marked joint space narrowing and eburnation of the articular surfaces with anterior spurring." (Tr. 99). Medical records reveal that plaintiff complained of back pain and even the consultative physician on September 29, 2002, diagnosed plaintiff with back pain, bilateral knee and ankle pain, and bilateral shoulder pain (Tr. 107). The consultative physician also noted that plaintiff may have problems with walking and

---

[3]These include the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and functional restrictions. *Polaski v. Heckler*, 739 F. 2d 1320, 1322 (8th Cir. 1984).

standing and some problem with overhead work (Tr. 107).

There is nothing in the record to support that plaintiff retains the RFC to perform medium work.[4]   Plaintiff testified that he is only about to lift about 10 pounds (Tr. 262). Even assuming that plaintiff can lift some more, there is absolutely nothing in the record to support a finding that he can lift 25 pounds frequently.

Plaintiff testified that he has not worked since January, 2001.  He testified that he occasionally sells firewood and his earnings are based only on a percentage of what he sells.  He states that he gets about 1/3 of what is sold, or about $400 to $500 a month (Tr. 262).   There is no information on how long plaintiff has been doing this work. Additionally, the work is seasonal  (Tr. 368)   There is also no information about how long plaintiff worked selling vegetables from the back of a truck, what he earned, and  how often he did it.  It also was seasonal.  The ALJ concluded that cutting firewood and selling vegetable did not constitute substantial gainful activity (Tr. 15). [5]

 In order to constitute past relevant work, work must have been done in the last 15 years, lasted long enough for the person to learn to do it and constituted substantial gainful activity.  *Reeder v. Apfel*, 214 F.3d 984, 989 (8th Cir. 2000).  The VE, therefore, erred in considering plaintiff's work in selling vegetables, or retail sales as he characterized it, as past relevant work.   The only past relevant work at issue for the VE to consider was small engine repair.  As stated above there is not substantial evidence to support the ALJ's decision that plaintiff can perform his past relevant work.

Additionally, the record is unclear as to the severity of plaintiff's kidney problems.

---

[4] Medium work.  Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  20 C.F.R. § 404.1567(c). Indeed, the seeming arbitrariness of the finding is supported by the earlier ALJ's conclusion that plaintiff can only perform sedentary work.

[5] The ALJ stated: "Mr. Browning testified that he has worked cutting firewood and selling vegetables out of the back of his truck.  He reports that he has earned approximately $50 a month.  This does not constitute substantial gainful activity." (Tr. 15).

The medical evidence supports that plaintiff suffers from problems with urinary tract infections and kidney stones. The extent of these problems and the effect they have on his ability to engage in substantial gainful activity is not clear. Plaintiff testified that the frequency of developing stones was increasing and that he had an appointment to see his physician (Tr. 259-260). According to some medical records, plaintiff reported that he was hospitalized about every six months with neprholithiasis (Tr. 210), but there is no medical evidence to support this. " A social security hearing is a non-adversarial proceeding, and the ALJ has a duty to fully develop the record. That duty may include seeking clarification from treating physicians if a crucial issue is undeveloped or underdeveloped." *Smith v. Barnhart.* 435 F.3d 926, 930 (8th Cir. 2006)(citations and internal quotations omitted)

In sum, the Court finds that ALJ did not thoroughly properly evaluate plaintiff's RFC . A remand, therefore, is necessary for the ALJ to develop the record regarding plaintiff's impairments and to properly evaluate whether plaintiff can return to his past relevant work. Should plaintiff meet his burden of establishing that he is unable to perform her past relevant work, then the burden will shift to the Commissioner to demonstrate that there are jobs in the national economy that he can perform.

THEREFORE, the Court reverses the decision of the Commission and remands the case to the Commissioner with instructions to conduct further proceedings consistent with this Order. This is a sentence-four remand.

IT IS SO ORDERED this 15th day of February, 2007.

*George Howard, Jr.*
UNITED STATES DISTRICT JUDGE